**Richard Henry MENDOZA, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31186.**

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 1980.

Application to Transfer Denied Oct. 15, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin Lock, Asst. Public Defenders, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Mendoza appeals the denial of his Rule 27.26 motion. Mendoza was sentenced on

four separate felony charges to a total of 18 years, three consecutive sentences of 6 years each and one 2 year concurrent sentence. All the sentences arose from a carefully conducted guilty plea proceeding.

Mendoza filed his motion and requested disqualification of the judge who heard the pleas. Counsel was appointed, a new judge heard the evidence on the 27.26 motion, and the 27.26 motion was denied pursuant to detailed and specific findings of fact and conclusions of law.

Mendoza raises claims that assert his plea was not knowing, intelligent, and voluntary, based on assertions of fact concerning his knowledge with respect to the right of the jury to set the punishment as opposed to a recommendation to the judge concerning sentencing. Mendoza also claims that he did not understand the nature of the charge. All of these claims were fully and completely explored in the evidentiary hearing. The trial court made findings adverse to Mendoza's claims, and there is ample, if not overwhelming, evidence to support the trial court's conclusions.

Our review of the trial court's decision is limited to a determination of whether the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j). That review has been made, and the trial court's conclusions are not clearly erroneous but are correct and fully supported. A full review of the evidence would serve no useful purpose, and a further explication of the law would have no precedential value.

The judgment of the trial court is affirmed. Rule 84.16(b).

All concur.